UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT NEUSCHMID,[1]<br><br>　　　　　Respondent. | No. 2:17-cv-0328 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of 14 years imprisonment imposed upon Sacramento County convictions for corporal injury upon a cohabitant and assault with a deadly weapon.

The operative amended petition was filed on February 22, 2018. ECF No. 7 at 80.[2] Respondent has filed a motion to dismiss arguing that all of the claims in the amended petition except claim 12 are time barred.

/////

---

[1] Warden Neuschmid is hereby substituted as the respondent in this action pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] Under Houston v. Lack, 487 U.S. 266, 270 (1988), court documents submitted by prisoners are generally considered filed on the day the document is submitted to a prison official for mailing.

1

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period applicable to this action began to run under § 2244(d)(1)(A) on February 8, 2017, the day after time expired for petitioner to file a petition for writ of certiorari in the United State Supreme Court concerning the direct review of his convictions and sentence. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir.1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

Petitioner has filed several applications for collateral relief in California's courts concerning the convictions and sentence at issue in this action. Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

One such application arrived in the California Court of Appeal on July 13, 2017 and was denied October 13, 2017. Another was filed in the California Supreme Court on October 30, 2017 and was denied on January 17, 2018. Since petitioner's amended habeas petition was filed

/////

2

only one year and 15 days after his convictions and sentence became final, if the limitations period was tolled while either state court application was pending, the amended petition filed here is timely.

It is clear that if a California court declares an application for collateral relief untimely, the tolling provision found in § 2244(d)(2) does not apply. E.g. Allen v. Siebert, 552 U.S. 3, 7 (2007). No such findings were made with respect to petitioner's Court of Appeal or California Supreme Court applications.

Respondent asserts the limitations period was not tolled while the Court of Appeal application was pending because petitioner waited 205 days from the denial of an application filed in the Superior Court of Sacramento County (before his convictions and sentence became final) to file in the Court of Appeal. The argument is premised upon the Supreme Court cases Carey v. Saffold, 536 U.S. 214 (2002) and Evans v. Chavis, 546 U.S. 189 (2006). Those cases primarily concern whether tolling would apply in the interval of time between the denial of an application at a lower court and the filing of an application at a higher court. Essentially, the Supreme Court found that, to the extent the collateral review process in California operates as it does in most other states, i.e. 1) the filing of an application in the trial court; 2) an appeal filed within a relatively short period of time after denial of the application, such as 30 days; and 3) the filing of an application for discretionary review in the state's highest court after an appellate court affirmance, the trial court application is "pending" for purposes of 28 U.S.C. § 2244(d)(2) until the review at the final level is complete. Carey, 536 U.S. at 221-225.

Respondent fails to recognize that California's collateral review process is not always like the process in most states. As the Supreme Court noted in Carey:

> California's collateral review system differs from that of other States in that it does not require, technically speaking, appellate review of a lower court determination. Instead it contemplates that a prisoner will file a new "original" habeas petition.

Id. at 221. Nothing in Carey suggests that if it is clear a California prisoner is not seeking something akin to appellate review, a follow-up application filed in a higher California Court still

/////

3

must be filed within a short period of time, such as 30 days, following denial of the previous application in order for § 2244(d)(2) tolling to apply.

The court does accept respondent's <u>Carey</u>-based argument that whether any application for collateral relief filed in California is timely is based upon a "reasonableness" standard, <u>id</u>., and if the court finds the application not timely under that standard, there is no tolling under 28 U.S.C. § 2244(d)(2). With respect to petitioner's application filed in the Court of Appeal, the application is materially different from his Superior Court application in that some claims were added, some dropped and some reworded.[3] Petitioner did not simply seek review of arguments that were previously denied. Furthermore, petitioner attributes the delay in the filing of his Court of Appeal application to research, re-drafting and delay in obtaining documents from trial counsel. Based upon the record before the court, and the difficulties inherent in proceeding as a prisoner pro se, the court cannot find that petitioner waited an unreasonable amount of time to file his Court of Appeal application.

The California Supreme Court application, which appears to raise the same claims raised in the Court of Appeal, arrived in the California Supreme Court only 17 days after the Court of Appeal application was denied. No serious argument could be made that this delay was not reasonable, especially for a pro se prisoner.

For all the foregoing reasons, the court finds that petitioner is entitled to tolling under 28 U.S.C. § 2244(d)(2) for the intervals of time the applications for collateral review described above were pending in the California Court of Appeal and California Supreme Court. This being the case, the amended petition filed in this court on February 26, 2018 was filed within the one-year limitations period applicable to this action.

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 17) be denied.

/////

---

[3] There is no indication from the Court of Appeal, that petitioner's changing his claims rendered the Court of Appeal application procedurally defective and respondent fails to point to any law suggesting as much.

4

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 8, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
give0328.sol(2)