UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. 2:17-cv-0328 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT NEUSCHMID, | |
| Respondent. | |

Petitioner is proceeding in this action pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss on June 1, 2018 arguing that the petition is time-barred. On February 8, 2019, the court recommended that the motion be denied. On March 29, 2019, the district court judge assigned to this case elected not to adopt the court's recommendation:

> In light of the issues raised by respondent's objections and the lack of cited authority or explanation for the "materially different" standard used in the findings and recommendations, Findings at 4, the matter is referred back to the magistrate judge for further consideration and explanation.

"[M]aterially different" appearing on page 4 of the findings and recommendations is not a legal standard. Those words are simply used to explain how a petition for collateral relief filed by petitioner in the California Court of Appeal on July 13, 2017 (Resp't's Lodged Doc. # 12) and a petition filed by petitioner in the Superior Court of Sacramento County on October 31, 2016

1

(Resp't's Lodged Doc. No. 10) compare with one another. As explained in the findings and recommendations, the differences in the two petitions renders the petition filed in the Court of Appeal not something akin to an appeal of the denial of the Superior Court petition, but an original petition demanding original review. Also, as explained in the findings and recommendations, in California a petitioner seeking original review need not necessarily file his or her petition at the trial level, and the fact that the petition filed in the Court of Appeal demands original review has consequences in determining whether this action is time-barred.

In any case, respondent did not object to the court's interpretation of the law concerning tolling of the applicable limitations period, but did object to the court's determination that the Court of Appeal petition and the Superior Court petition are materially different:

> A comparison of the claims in Petitioner's California Court of Appeal petition to those in his Superior Court petition shows the two petitions are not materially different from one another. Petitioner raised 20 grounds for relief in his Superior Court petition. Petitioner then raised 15 grounds for relief in his habeas petition filed in the California Court of Appeal. Despite rewording and consolidating some of his arguments and dropping Grounds 6, 8, and 16, Petitioner presented the same grounds for relief in his Court of Appeal petition. Indeed, most of the claims in the appellate court petition were copied almost verbatim from the petition filed in the Superior Court.

A brief review of both petitions reveals respondent's statement that most of the claims in the Court of Appeal petition "were copied almost verbatim" from the Superior Court petition is inaccurate. Of the fifteen "grounds" in the Court of Appeal petition, only grounds 10, 12, 14 and 15 could be characterized as having been copied verbatim, or nearly so, from the Superior Court petition.[1] While all of the other claims at least resemble claims presented in the Superior Court petition and the claim headings are generally the same, the claims in the Court of Appeal petition themselves include more or different argument, citation to additional and sometimes different legal authority, additional and sometimes different facts and / or sub claims that do not appear in the Superior Court petition. The most significant differences are as follows:

/////

---

[1] Grounds 10, 12, 14 and 15 in the Court of Appeal petition are presented in the Superior Court petition as grounds 13, 15, 19 and 20 respectively.

2

1. Ground 1 in both petitions concerns the calculation of sentence credit. However, in the Court of Appeal petition, petitioner asserts violations of federal law which are not presented in the Superior Court petition.

2. In ground 2 of both petitions, petitioner complains about the conduct of counsel prior to trial alleging inadequate investigation, inadequate preparation, etc. While the gist of the claims is the same, in the Court of Appeal petition petitioner points to specific evidence counsel failed to obtain, i.e. phone logs and testimony from certain witnesses, which is not identified in the Superior Court petition.

3. In ground 5 of the Court of Appeal petition, petitioner asserts ineffective assistance of counsel concerning trial counsel's failure to challenge alleged instances of prosecutorial misconduct. Many of the allegations are detailed in ground 7 of the Superior Court petition. However, petitioner's allegations concerning plea negotiations and discrepancies between testimony put forward by the prosecution and police reports appear only in Court of Appeal ground 5.

4. In ground 14 of the Superior Court petition, and ground 11 of the Court of Appeal petition, petitioner challenges the amount of restitution ordered by the trial court. The factual bases for the claims are similar. However, in the Court of Appeal petition, petitioner asserts a violation of the Eighth Amendment which does not appear in the Superior Court petition.

With respect to these specific examples, appellate review is not possible and in a traditional appeal the claims could not be considered. When the Court of Appeal denied petitioner's Court of Appeal petition, the court did not point to any procedural flaws with the petition, as it did when it denied a previous petition. Resp't's Lodged Doc # 9. In the order denying the previous petition, the Court of Appeal cited In re Steele, 32 Cal.4th 682, 292 (Cal. 2004) which stands for the proposition that, in California, "both trial and appellate courts have jurisdiction over habeas corpus petitions, but a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court," and In re Hillery, 202 Cal.App.2d 293 (5th Dist. 2008) where the Court of Appeal recognized "habeas

/////

3

corpus proceedings involving a factual situation should be tried in superior court rather than in an appellate court . . " while acknowledging this is a matter of discretion.

Finally, the court again notes that all of the modifications made by plaintiff in the Court of Appeal petition support petitioner's assertion that the almost seven-month delay between the denial of his Superior Court petition and the filing of the Court of Appeal petition was due to investigation, research and writing.

For all of the foregoing reasons, and the reasons stated in the court's February 8, 2019 findings and recommendations, respondent's motion to dismiss this action as time-barred should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
give0328.sol(4)

4