1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FRANCOIS P. GIVENS,                              No.  2:17-cv-0328 KJM CKD P

12                          Plaintiff,                 ORDER

13                  v.

14    ROBERT NEUSCHMID,

15                          Defendant.

16

17

18          This matter is before the court on the assigned Magistrate Judge's recommendation to

19    deny the state's motion to dismiss.  *See* Mot., ECF No. 17; F&Rs, ECF No. 35; Objections, ECF

20    No. 36; Reply, ECF No. 39.  As explained below, the court declines to adopt the magistrate

21    judge's recommendation.

22          Each claim in a state prisoner's federal habeas corpus petition must be filed within a one-

23    year statute of limitations period.  *See* 28 U.S.C. § 2244(d)(1); *Mardesich v. Cate*, 668 F.3d 1164,

24    1171 (9th Cir. 2012).  That limitations period is tolled while "a properly filed application for State

25    post-conviction or other collateral review . . . is pending."  *Id.* § 2244(d)(2).  An application is

26    "pending" not only while a state court considers a filed petition or appeal, but also during the

27    interval "between a lower state court's decision and the filing of a notice of appeal to a higher

28    state court."  *Carey v. Saffold*, 536 U.S. 214, 217 (2002).  That is also true in California even

                                                    1

1    though its post-conviction relief procedure "does not involve a notice of appeal, but rather the

2    filing (within a reasonable time) of a further original state habeas petition in a higher court." *See*

3    *id.*  In short, "[t]he period between a California lower court's denial of review and the filing of an

4    original petition in a higher court is tolled—because it is part of a single round of habeas relief—

5    so long as the filing is timely under California law." *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir.

6    2010).  The petitioner bears the burden to show that the limitations period should be tolled.  *Id.* at

7    967.

8            Here, the limitations period for petitioner Francois Givens's federal habeas petition began

9    to run on February 8, 2017, the day after the last day he could have asked the United States

10   Supreme Court to review his conviction.  *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir.

11   1999).  His original petition was filed within that one-year period.  *See* ECF No. 1.  But he also

12   filed an amended petition a little more than a year after his original petition.  ECF No. 7.  That

13   amended petition includes several claims that, according to the state, do not relate back to his

14   original petition.  *See* Mot. at 1.  As a result, if the limitations period was not tolled, and if the

15   new claims do not relate back to the timely original petition as the state contends, then the new

16   claims were untimely and must be dismissed.

17           Mr. Givens filed several petitions for post-conviction relief in California state courts.

18   Three could conceivably toll the limitations period:

19       •   A petition to the California Superior Court filed on October 31, 2016 and denied on

20           December 20, 2016.

21       •   A petition to the California Court of Appeal filed on July 13, 2017 and denied on

22           October 13, 2017.

23       •   A petition to the California Supreme Court filed on October 30, 2017 and denied on

24           January 17, 2018.

25   *See* Mot. at 2, ECF No. 17.  There are two plausible arguments why these petitions might toll the

26   limitations period, but neither can succeed on this record.

27           First, all three petitions might be "part of a single round of habeas relief."  *Banjo*,

28   614 F.3d at 968.  That is, they might all be part of one series of petitions filed step-by-step up the

2

1    appellate ladder.  *Cf. Saffold*, 536 U.S. at 219–21.  Mr. Givens's state-court filings suggest he

2    viewed these petitions this way.  *See* Objections at 3–4, ECF No. 36.  It is also the state's

3    interpretation.  *See, e.g.*, *id.*

4         If these petitions are understood as one single round, the limitations period would not be

5    tolled because Mr. Givens waited almost seven months to file his second petition after his first

6    petition was denied.  Such a long delay bars the assumption that a single "application" was

7    actually "pending" under the tolling statute.  *See Evans v. Chavis*, 546 U.S. 189, 201 (2006);

8    *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam).  This conclusion extends to

9    the second and third claims as well.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When

10   a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes

11   of § 2244(d)(2)." (quoting *Saffold*, 536 U.S. at 226 (alterations in original)).  Only if the delay is

12   "reasonable" could it be excused.  *See Saffold*, 536 U.S. at 226.  The delay here might be

13   reasonable if it were much shorter, in the range of 30 to 60 days rather than 205, or if Mr. Givens

14   had not received notice his petition had been denied, *see id.*; *Velasquez v. Kirkland*, 639 F.3d 964,

15   967–68 (9th Cir. 2011); Givens makes no such claim.  The Ninth Circuit has rejected

16   explanations like those Mr. Givens has offered, i.e., that he needed more time for research and

17   writing and was delayed while obtaining documents from his trial attorney.  *See, e.g.*, *Velasquez*,

18   639 F.3d at 968 (holding delay unreasonable even though crucial witness could not be found—a

19   "relatively weak explanation"); *Banjo*, 614 F.3d at 970 (rejecting petitioner's explanation he was

20   delayed while "continuing to develop evidence"); *Waldrip v. Hall*, 548 F.3d 729, 737 (9th Cir.

21   2008) (prison lockdown barring access to law library did not justify delay).  District courts have

22   occasionally permitted delays that allowed a petitioner to rewrite legal briefs, but the delays in

23   these cases were uniformly shorter.  *See, e.g.*, *Osumi v. Giurbino*, 445 F. Supp. 2d 1152, 1158–59

24   (C.D. Cal. 2006), *aff'd*, 312 F. App'x 23 (9th Cir. 2008) (finding three-month delay reasonable).

25        The second way to view Mr. Givens's petitions is to interpret his delay not as a delay but

26   as a break between one round of petitions and another.  Interpreted that way, his second petition

27   began a new round that, together with the third petition, tolled the limitations period.  He filed his

28   third petition quickly after the second was denied.  This interpretation is what the Magistrate

3

1    Judge recommends.  *See* Prev. F&Rs at 4, ECF No. 27; F&Rs at 2–4, ECF No. 35.  But that

2    interpretation appears to conflict with the Magistrate Judge's findings that four claims in the

3    second petition were "copied verbatim, or nearly so," from the first petition; that all of the

4    "claims headings were generally the same" in both petitions; and that the claims in the second

5    petition broadly "resemble[d]" those in the first petition.  F&Rs at 2.

6          The Magistrate Judge reconciled this conflict by finding that the first and second petitions

7    were actually both original petitions even though they were filed sequentially in ascending order.

8    In the Magistrate Judge's assessment, Mr. Givens's claims had changed: they were "materially

9    different." *Id.*  The court is aware of no authority supporting a "materially different" separate-

10   petitions standard, and the Magistrate Judge has not pointed to any.  To the contrary, the Ninth

11   Circuit has held that state court petitions are part of the same "round of appellate review even

12   when the contents of the petitions change." *Biggs v. Duncan*, 339 F.3d 1045, 1048 n.1 (9th Cir.

13   2003); *see also Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012).

14         To be sure, two different appellate rounds might overlap, and if one petition is untimely, it

15   does not project its untimeliness onto an otherwise timely overlapping round.  *See Stancle*,

16   692 F.3d at 956 (citing *Delhomme v. Ramirez*, 340 F.3d 817, 819–20 (9th Cir. 2003) (per curiam),

17   *abrogated on other rounds by Evans*, 546 U.S. 189).  But this is not a case of overlapping

18   petitions with separate claims.  As the Magistrate Judge found, Mr. Givens gave his claims

19   "generally the same" names, and the claims in his second petition resembled those in the first.

20   F&Rs at 2.  Even if it were possible to interpret Mr. Givens's petitions as separate and

21   overlapping, only the new claims that he added to his second petition could theoretically be

22   timely.  *See Delhomme*, 340 F.3d at 820 ("[E]ach time a petitioner files a new habeas petition at

23   the same or a lower level . . . the subsequent petition . . . triggers an entirely separate round of

24   review.").  He has not shown he is pursuing only these new claims in this federal court.

25         The court therefore **declines to adopt** the Magistrate Judge's recommendation.  The delay

26   between Mr. Givens's state-court petitions was not reasonable, so the limitations period was not

27   tolled.  Any claims in Mr. Givens's amended federal petition, ECF No. 7, that do not relate back

28

1   to the claims in his original federal petition, ECF No. 1, are **dismissed**.  This matter is **referred**

2   back to the assigned Magistrate Judge for further proceedings.  This order resolves ECF No. 17.

3        IT IS SO ORDERED.

4   DATED:  November 2, 2020.

6   _____
    CHIEF UNITED STATES DISTRICT JUDGE