UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. 2:17-cv-0328 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT NEUSCHMID, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. §2254. On November 3, 2020, the district court judge assigned to this case granted respondent's June 1, 2018 motion to dismiss. In particular, the court held that all claims in petitioner's February 26, 2018 amended petition for writ of habeas corpus that do not "relate back" to claims in petitioner's original petition are dismissed as time-barred.

Under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, an otherwise untimely claim presented in an amended pleading "relates back to the date of the original pleading when . . . the . . . claim arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." A claim in an amended petition "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading. . ." Mayle v. Felix, 545 U.S. 644, 650 (2005). Instead, a new claim in an

/////

1

amended pleading must be tied to a claim asserted in the original by "a common core of operative facts." Id. at 664.

In his original petition, petitioner asserts that his appellate counsel either should not have raised, or should not have been permitted to raise, claims concerning miscalculation of sentence credit and the amount due for a "booking fee." Instead, petitioner claims his appeal should have proceeded pursuant to People v. Wende, 25 Cal.3d 436, 441–442 (1979) which identifies the process required in California when appellate counsel indicates there are no potentially meritorious claims to raise on appeal.

In his amended petition, petitioner's first 11 claims do not involve petitioner's appeal. Therefore, the court agrees with respondent that none of those claims "relate back" to the claim presented in petitioner's original petition and must be dismissed.

Generally speaking, petitioner reasserts the claim presented in his original petition in claim 12 of his amended petition and respondent appears to concede that claim 12 at least relates back. However, the court finds that claim 12 is subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 cases, because claim 12 does not provide a basis for habeas corpus relief.

On direct appeal, appellate counsel argued that petitioner was entitled to 356 days good conduct sentence credit instead of the 53 days identified by the trial court. Appellate counsel also argued that a "booking fee" identified in the abstract of judgment should be reduced by $1.00. Error was admitted by The People of the State of California, and relief was granted. Petitioner asserts it was error under California law for counsel to present these claims at the Court of Appeal because the claims were not presented in the Superior Court first. Petitioner asserts the actions of appellate counsel denied plaintiff the process outlined in People v. Wende. Had counsel not raised the sentence credit and booking fee issues, petitioner asserts he would have had the opportunity to file a pro se brief in which he would have raised several issues.

The California Supreme Court's decision in Wende followed the United States Supreme Court's decision in Anders v. California, 386 U.S. 738 (1967). In that case, the Supreme Court identified certain procedures which must be followed when appellate counsel finds there are no

appealable issues.  One of the procedures is that the defendant himself be permitted the opportunity to raise issues.  Id. at 744.

Here, nothing under federal law required that counsel not raise the issues he did on appeal and instead trigger the Wende process.  Because a writ of habeas corpus can only be granted for violations of federal law, 28 U.S.C. §2254(a), petitioner's claim 12 should be summarily dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Claims 1-11 in petitioner's amended petition for writ of habeas corpus be dismissed as time-barred.

2. Claim 12 in petitioner's amended petition for writ of habeas corpus be summarily dismissed.

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file

/////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
give0328.rb