UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. 2:17-cv-0328 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT NEUSCHMID, | |
| Respondent. | |

I.   Background

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raised 12 claims in his operative amended petition for writ of habeas corpus. ECF No. 7. Claims 1-11 have been dismissed as time-barred. ECF No. 55. On November 16, 2020, this court found as follows with respect to plaintiff's 12th claim:

> On direct appeal, appellate counsel argued that petitioner was entitled to 356 days good conduct sentence credit instead of the 53 days identified by the trial court. Appellate counsel also argued that a "booking fee" identified in the abstract of judgment should be reduced by $1.00. Error was admitted by The People of the State of California, and relief was granted. Petitioner asserts it was error under California law for counsel to present these claims at the Court of Appeal because the claims were not presented in the Superior Court first. Petitioner asserts the actions of appellate counsel denied plaintiff the process outlined in People v. Wende. Had counsel not raised the sentence credit and booking fee issues, petitioner asserts he would have had the opportunity to file a pro se brief in which he would have raised several issues.

1

> The California Supreme Court's decision in Wende followed the United States Supreme Court's decision in Anders v. California, 386 U.S. 738 (1967). In that case, the Supreme Court identified certain procedures which must be followed when appellate counsel finds there are no appealable issues. One of the procedures is that the defendant himself be permitted the opportunity to raise issues. Id. at 744.
>
> Here, nothing under federal law required that counsel not raise the issues he did on appeal and instead trigger the Wende process. Because a writ of habeas corpus can only be granted for violations of federal law, 28 U.S.C. §2254(a), petitioner's claim 12 should be summarily dismissed.

On September 15, 2021, the district court judge assigned to this case declined to adopt the court's recommendation that claim 12 be summarily dismissed:

> One issue remains: whether to adopt the Magistrate Judge's recommendation to dismiss Mr. Givens's timely twelfth claim. The Magistrate Judge recommends dismissing this claim summarily under Rule 4 of the Rules Governing Section 2254 Cases because the claim does not provide a basis for habeas corpus relief. *See* F&Rs at 2–3. The Magistrate Judge interpreted the twelfth claim as arguing that Mr. Givens's appellate counsel deprived him of an opportunity to pursue arguments on appeal under a state-law procedure that kicks into effect when an attorney finds no issues for an appeal. *See id*. (citing *People v. Wende*, 25 Cal. 3d 436 (1979)). The Magistrate Judge recommends dismissing this claim summarily because "nothing under federal law required that counsel not raise the issues he did on appeal and instead trigger the [state law] process." *Id*. at 3. Mr. Givens's petition can alternatively be construed as asserting a claim for ineffective assistance of counsel during the direct appeal. *See* Am. Pet. at 58–60. "The due process clause of the fourteenth amendment guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right." *Moormann v. Ryan*, 628 F.3d 1102, 16 1106 (9th Cir. 2010) (quoting *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir. 1989)). The twelfth claim thus raises a federal constitutional issue.

Respondent has filed an answer with respect to petitioner's 12th claim and petitioner has filed a traverse.

II. Legal Standards

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v.

2

McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011).

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

Generally, to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show "that counsel acted unreasonably in failing to discover and brief a merit-worthy issue." Moormann v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010). "Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal." Id. Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983).

III.   Analysis of Claim 12

As the court indicated previously, petitioner's primary complaint concerning appellate counsel is that she chose to raise two issues on direct appeal rather than file a Wende brief. This does not suggest a basis for relief on a theory of ineffective assistance of counsel as it does not concern claims which should have been raised but were not.

The only possible issue identified by petitioner under the heading for claim 12 that petitioner asserts is that counsel should have "argue[d] for all days of presentence custodays (sic) in jail." Petitioner does not elaborate further in his amended petition. In his traverse, petitioner clarifies that he believes he is entitled to credit for three days he spent in the hospital before being transferred to the Sacramento County Jail on June 28, 2014.

Petitioner raised his claim on collateral review. The only court to issue a reasoned decision was the Superior Court of Sacramento County. That court found as follows:

> Petitioner [seeks] three additional actual days in jail for the time he spent in the hospital prior to going to jail. According to the police report attached to the petition, petitioner was transported to Sutter General Hospital for treatment not related to the incident for which petitioner was convicted. He has failed to show that he was being held on this case.

4

ECF No. 7 at 90-91.

Petitioner's claim of ineffective assistance of counsel claim here fails for two reasons. First, because California's courts, on collateral review, denied the claim petitioner believed his appellate counsel should have raised, he cannot show prejudice for counsel's failure to raise it. Second, petitioner fails to show that the decision referenced above is flawed in any way, precluding relief under 28 U.S.C § 2554(d).

Petitioner also suggests that his appellate counsel might have had a conflict of interest because at one point well before she represented petitioner she was employed as a Deputy Attorney General in California. Petitioner fails to point to anything suggesting appellate counsel "actively represented conflicting interests" at the time she represented petitioner which precludes Sixth Amendment relief. See Foote v. Del Papa, 492 F.3d 1026, 1029 (9th Cir. 2007).

IV.     New Allegations in Claim 12

In his traverse, petitioner raises two claims which were not previously included under the heading of claim 12 in his amended petition: (1) "Failure of Appellate Counsel to Address Constructive Denial of Counsel During the Arraignment Stage of Trial Proceedings was Unreasonable;" and (2) "Appellate Counsel was Ineffective for Failing to Address State Interference with Petitioner's Right to Counsel During Trial."

First, a traverse is not the proper pleading to raise new claims or allegations, see Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) so the new claims should be rejected on that basis.

Additionally, the claims are time-barred. On November 3, 2020, the district court judge assigned to this case found that any claims that do not relate back to the claim presented in petitioner's original petition for a writ of habeas corpus are time-barred. Under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, an otherwise untimely claim "relates back to the date of the original pleading when . . . the . . . claim arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading." A claim "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading. . ." Mayle v. Felix, 545 U.S. 644, 650 (2005). Instead, a new claim must be tied to

a claim asserted in the original pleading by "a common core of operative facts." Id. at 664.

Claims do not share facts to the degree necessary for purposes of the relation back rule simply by virtue of the fact that each concerns appellate counsel generally, or appellate counsel's failure to raise a claim. Schneider v. McDaniel, 674 F.3d 1144, 1151-52 (9th Cir. 2012).

As indicated above, petitioner's new claims relate to appellate counsel's alleged failure to raise issues concerning a denial of the right to counsel during trial. These allegations are new, and did not appear in petitioner's original petition, or in claim 12 of the amended petition.

V. Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's claim 12 be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). With respect to claims denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). With respect to claims dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to objections shall be served and filed within fourteen days after service of the objections. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
give0328.frs