UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. 2:17-cv-0328 KJM CKD P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| ROBERT NEUSCHMID, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 28, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, for the reasons explained below the court adopts the recommendation that petitioner's twelfth claim be denied and the associated findings to the extent consistent with this order.

    This court previously dismissed petitioner's first eleven claims for relief as time-barred, November 3, 2020 Order, ECF No. 43, and denied petitioner's request for reconsideration of that

1

order, September 15, 2021 Order, ECF No. 55.  This action is proceeding on the twelfth and final claim raised in petitioner's first amended habeas petition, filed February 26, 2018.  ECF No. 7. Petitioner's twelfth claim is that his appellate counsel provided ineffective assistance by pursuing two issues on appeal, rather than filing a brief under *People v. Wende*, 25 Cal.3d 436 (1979), thus depriving petitioner of an opportunity to pursue other claims on appeal under a state-law procedure that applies when a counsel files a *Wende* brief.  *See* September 15, 2021 Order, ECF No. 55, at 4.  The magistrate judge finds that petitioner has only identified in his twelfth claim one possible issue he might have pursued had counsel filed a *Wende* brief, and that he has raised in his traverse two new allegations of ineffective assistance of appellate counsel not included in the amended petition.  *See* ECF No. 63, at 4-5.  In his twelfth claim, petitioner alleges that in its December 20, 2016 ruling on his state habeas petition, the Sacramento County Superior Court identified several issues that could have been raised on direct appeal and that his appellate counsel's alleged conflict of interest prevented her from raising all such arguable issues on appeal.  *See* ECF No. 7 at 75, 88-89.[1]  The state superior court rejected all claims raised by petitioner in his state habeas petition either for failure to raise the claims on direct appeal, or because petitioner had failed to show ineffective assistance of counsel.  ECF No. 7 at 88-90.  In addition, in particular, the state superior court held that

> . . . . Petitioner . . . failed to show that his appellate attorney had a conflict of interest.  The only cases he cited pre-dated his appeal by several years.
>
> Petitioner's desire to have a *Wende* brief filed fails to show ineffectiveness.  In *People v. Wende* (1979) 25 Cal.3d 436, the California Supreme Court described the brief that should be filed when defense counsel was unable to find a non-frivolous arguable issue.  Nothing in such a brief shows that an arguable issue existed, as would be required for an ineffective assistance of claim.

*Id*. at 90.  Here, petitioner has failed to present evidence that the state superior court's decision was either "contrary to, or involved an unreasonable application of, clearly established federal

---

[1] In this order, citations to page numbers in documents filed in this action are to the page number assigned by the Court's Electronic Case Filing (ECF) system located in the upper right hand corner of the page.

2

1 law, as determined by the Supreme Court of the United States. . . ." 28 U.S.C. § 2254(d).  For
2 this reason, the court finds petitioner has not established his appellate counsel provided
3 ineffective assistance by failing to file a *Wende* brief on direct appeal.  Petitioner's twelfth claim
4 for relief will be denied.

5       A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has
6 made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The
7 certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.
8 28 U.S.C. § 2253(c)(3).  A certificate of appealability should be granted for any issue that
9 petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently
10 by a different court, or is "'adequate to deserve encouragement to proceed further.'" *Jennings v.*
11 *Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893
12 (1983)).[2]

13       In the instant case, the record shows that the question of whether the first eleven claims
14 raised in petitioner's amended petition are time-barred is "debatable among jurists of reason."
15 *Compare* ECF Nos. 27 and 35 *with* ECF Nos. 33 and 43; *cf*. ECF Nos. 44 and 55.  This court
16 further finds, however, in light of the December 20, 2016 reasoned decision of the Sacramento
17 County Superior Court on petitioner's state habeas petition that none of those claims justifies
18 encouraging petitioner to proceed further with them.  For this reason, the court declines to issue a
19 certificate of appealability.

20       Accordingly, IT IS HEREBY ORDERED that:
21       1. The findings and recommendations filed February 28, 2022, are adopted to the extent
22 consistent with this order;
23       2. Petitioner's claim 12 is denied;
24 /////
25 /////
26

27 [2]  Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a
28 certificate of probable cause. *Jennings,* 290 F.3d at 1010.

3.  This case is closed; and

4.  The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

DATED: September 12, 2022.

                                                CHIEF UNITED STATES DISTRICT JUDGE